Kelsey, you may proceed. Good morning, Your Honor, and may it please the court. My name is Zachary Schultz and I represent Cesar Caballero, the appellant in this appeal. The two main issues before the court we'd like to focus on in the oral argument are whether or not the information gave the defendant sufficient notice of the charged allegations against him to prepare for an adequate defense in the trial, and secondly, whether the information presented at trial was sufficient to provide for the convictions that have been imposed by the lower court. Your Honor, the information in this case is deficient in two separate and distinct ways. First, the information alleges that mail change of address forms constitute the basis of all three counts. However, as the government has replied in its answering brief, the charge is actually in this instance being alleged to have been attributed to a mail hold form in the instance of count one. Additionally, Your Honors, the entirety of the information references only a single address, an address which is the basis of only a single count in the entirety of the trial that was presented. Rather, two separate addresses were proven at trial, one of which doesn't actually exist in reality. At this point, Your Honors, the defendant entered the trial without any knowledge that these secondary addresses would be the basis of the government's case. Rather, as the assumed and as the argument is. Are you talking about the variance in the indictment? Is that what you're talking about right now? Yes, Your Honor. But didn't your client have sufficient notice based on the discovery that was given, that they would be focusing on these addresses with the mail being delivered? I'm trying to understand why your client would not have been on sufficient notice. Your Honor, the discovery in this instance indicated that there were alternate addresses which they alleged that he had filed forms on. However, no counts were filed regarding those addresses. There is no indication that the basis of the actual allegations to be presented at trial was that conduct. Rather, that conduct could have been entirely peripheral or uninvolved in the actual charged conduct, which was three counts of interfering with mails for a single address, not specified in either of those extra forms. Additionally, the fact that one of the addresses that was eventually charged during the trial, or at least argued during the trial, did not exist is a clear indicator that my defendant failed to have particular notice of even the addresses which were alleged against him. Given the fact that those addresses were missing, Mr. Caballero failed to have the ability at trial to present evidence that one of those addresses simply didn't exist, or at very least was entirely unaffiliated with the Red Hawk Indian group. Additionally, Your Honors, the variance became extremely clear as the government  initially argued that the mail hold order formed the foundation of the actual conviction. Then, in closing argument, the government shifted to the position that it was actually the change of address forms for all three addresses that formed the basis of the charges. Then, during the first section of the appeal in the district court, once again, the government argued that the mail hold order was sufficient on its face for a conviction under 1701. Additionally, the government then argued during the motion to stay the imposition of sentence pending appeal that the mail hold order was no longer facially sufficient, but rather the change of address forms once again formed the basis of the conviction. It is this shifting concept of what conduct actually Mr. Caballero has been convicted of that composes the basic idea of the variance argument. Mr. Caballero to this day has no clear understanding of what conduct is being accused as the criminal basis for all three of the counts. Maybe we can move on to the next argument. I have some questions regarding that. Yes, Your Honor. What's your second issue? The second issue, Your Honor, regards the sufficiency of the evidence presented at trial. The sufficiency of the evidence standard is extremely unforgiving for a defendant. Jackson v. Virginia requires that no reasonable individual, no reasonable trier of fact be able to determine that beyond a reasonable doubt the crimes have occurred. However, in this instance, the trial record is clear that the government has failed to meet even this extremely lenient burden. Specifically, the government has failed to prove that any mail was actually obstructed in the course of the entirety of Mr. Caballero's conduct. And any mail that was obstructed is unattributable to any specific address. Didn't he admit that he got a couple of pieces of mail? Isn't that enough to show that some mail was obstructed? Yes, Your Honor. But it does not show which address that mail was obstructed from. Subsequently, the goal of the trier of fact in this instance would let us speculate without any concept whether that mail came from one address, the other address, or neither of those two addresses. But didn't Ms. I think her name was Dickerson say that the mail that the tribe got generally came to the P.O. Box address? Yes. Ms. Dickerson stated that a majority of the mail did go to the P.O. Box. So isn't that enough to infer that the mail that your client intercepted came from the P.O. Box? No, Your Honor. To do so would be mere speculation based on statistical probability rather than the actual fact that you could prove beyond a reasonable doubt. And even if there's a 1% chance or a – I mean, this Court has never actually quantified the quantity of percentage which amounts to reasonable doubt. But saying even 75% of the mail or 50% of the mail went to a single address, that would fail to determine that both addresses had mails diverted. Additionally, Your Honors, the fact that the mail hold form only applied to mail regarding the Miwok tribe as opposed to the entirety of the mail directed to the Rancheria indicates that only 1% to 2% of the mail actually sent to the P.O. Box would have been affected by the mail hold. Thus, there's no indication that Mr. Caballero directed or diverted mail from both or either of the addresses. Additionally, Your Honor, if you were to believe that it's sufficient for a large percentage of the mail to have gone to a single address, that would still only support a finding of one of the two counts that the government still maintains. Because if the assumption is that both pieces of mail came from the single address, the other address was never obstructed, and thus the count is invalid. Well, I want to make sure I understand your 1701 argument and what the law requires under 1701. Yes, Your Honor. Because it looks like there was some dispute regarding that down below. And then for purposes of appeal, it looks like the government has said, well, just looking at the defendant's theory that an actual piece of mail is delayed or affected, that's we've still made our case. No one's talking about the other theory, I think, right now. So I just want to make sure I understand. With the government's concession with or not concession, but agreement that even under the defendant's theory that this conviction stands, I'm trying to understand what's your best argument why it doesn't. Because you're talking about sufficiency of the evidence. It looks like Mark Stone's testimony was sufficient to establish the delay as to the I think it's the Honopi address. And we have to look at everything in the light most favorable to the government. So help me understand your best argument as to why there isn't sufficient evidence. Yes, Your Honor. There's two separate addresses we have to address, the Honpi address and then separately the PO Box address. Ms. Stone testified that though there was a mail hold placed on the Honpi address, that mail hold only affected 1 to 2 percent of the mail directed at the Honpi address. The remainder of that mail was forwarded to Mr. Caballero. Additionally, Mr. Caballero had all of the mail addressed to the PO Box forwarded to himself as well. The only testimony regarding actual mail being diverted at any point in the entirety of the trial was Mr. Caballero's own statement provided by an investigator that he had received a few pieces of mail. Now, if all of that mail had come from the Honpi address, he would only be guilty of count 1. And if all of that mail had come from the PO Box, he would only be guilty of count 3. However, if it cannot be determined which of those two addresses the mail came from, there is no way to determine beyond a reasonable doubt that he is guilty of either of the two addresses. Specifically, therefore, there is no way to determine that Mr. Caballero is guilty of the counts presented to this Court. Counsel, you're down to about a minute and 15. If you wish to reserve, you may do so, or you may use them. Yes, please. Thank you, Your Honor. Well, we'll hear from the government. Good morning, Your Honors. Ashwin Janakaram on behalf of the United States. With respect to the defendant's sufficiency of the evidence challenge, the elephant in the room here is the judicial admission made by the defendant in the trial below. The defendant conceded as a judicial admission both in his trial brief and at trial that the passage of the mail element has been met in this case. That was a concession, an admission. And this Court has held both that in the discretion of a trial court, any admission in a brief can be deemed an admission for purposes of an element of an offense. Second, this admission was actually made by the defendant's counsel at trial. Passage of the mail was an element that was met. That alone is enough to defeat the sufficiency of the evidence challenge here, Your Honors. The United States agrees that count two must be reversed. Is that correct? That's correct, Your Honor. So we're only talking about counts one and three. That's right. And walking through that analysis, Your Honor, when we look at a sufficiency of the evidence challenge, the first inquiry is to construe all evidence and reasonable inferences from that evidence in favor of the government. And if you look at counts one and three, let's start with count three, which is the P.O. Box in Shingle Springs, California. The first piece of evidence is the judicial admission. The defendant's counsel said on the record and in his trial brief that mail actually was obstructed from this address. Actual mail. Okay? Number two, you look at the evidence for P.O. Box and you see that Rondella Dickerson, Judge Adelman, raised a reference to Ms. Dickerson's testimony. She specifically said that mail was missing for the tribe from the P.O. Box 1340, which is the basis of count three. She said that at the time. She didn't exactly say that. Didn't she say most of their mail came from the P.O. Box? Your Honor, actually, if you look at the record at page 171 and combine it with 173, it's clear she's actually speaking about the P.O. Box. There's no ambiguity there. And she said mail was missing from one to five days. And that was so out of the ordinary for mail not to be received that the chairman of the tribe was contacted and this issue was relayed to the chairman. So do you concede, I guess, the meaning of section 1701, that it requires a delay in the mail, the actual mail? Yeah. The government concedes, Your Honor, that actual mail is required to trigger the application of 1701. A delay of actual mail is required. That's correct, Your Honor. Okay. What the government does not concede is that specific pieces of mail are required in evidence, no more so than you need fingerprints or DNA to link a defendant to a gun in a 924-G case, Your Honor. Specific pieces of mail are not required. Simply cogent testimony that mail was involved and that it was delayed is sufficient under 1701 when coupled with the intent and knowledge requirement. I'm just curious. I'm just wondering what our duty is here. In light of the briefing, it was very unclear to me because it's like the government was saying, well, even under the defendant's standard, we still win, basically. But it seems like it was never argued, you know, the application of the statute to this particular circumstance, and I'm just wondering if someone here has a responsibility to properly construe what the statute, when we apply it, and I wanted to see if you offered any guidance as to what you think the panel should do, since you didn't really do that in the briefing. Yes, Your Honor. I appreciate your question, and for purposes of this appeal, it's undisputed that the elements of 1701. We adopt the defendant's definition of passage of mail. Which is what? The same definition used at trial, the same definition. Which is what? Passage of mail is defined as when a sender puts mail, an object, an envelope, a letter, anything in a postal stream until it is delivered to the recipient and addressed to which it was sent. And so what is obstruction of mail? Obstruction or delay, again, is undisputed. And delay means some measurable delay? So in the context of delay ---- Because that's what's not set out, and that's what I'm a little unclear, and kind of just said, well, just whatever they say, we still met, and then you're focusing on passage. The statute says obstruction, and so if you could clarify for me what your position is on what obstruction means. I'd be happy to. With respect to measurable delay, Your Honor, the case law is fairly clear. When there's an illegitimate improper motive, that delay can be de minimis and still be sufficient. In fact, that's a Seventh Circuit case cited in the defendant's trial brief where the whole issue with measurable delay often comes up, including in this circuit, when the U.S. government, the federal government, is retaining mail for purposes of investigation, for example. There's been a defense that that violates 1701, and the court has held, no, hold on there, it doesn't actually, because while there was a delay of mail, it wasn't measurable. And that's the context in which that issue comes up. It's not at play here. Let me ask you, if the statute does not require a showing of some actual piece of mail, because you're just saying mail has to be delayed, I think is what you're saying, but are you saying that an actual piece of mail has to be delayed under the statute? Yeah. And I want to be very clear here, Your Honor, because I think that is the distinction between the defendant's brief and the government's position and why we're assuming these elements here. And the answer is clearly that when you're talking about actual mail, you don't need to put into evidence specific envelopes. Simply, for example, if you had a recording of a defendant taking mail out of a post box, post office box, okay? And it's in a post office box, so it's mail. It meets the definition of mail that we all agree to here. You don't need to have in evidence that specific piece of mail to get a conviction. And that's just common sense, Your Honor. Well, how do you prove the elements, then, if you don't need some actual piece of mail? Here's how I do it. Has been delayed. I'm just trying to figure out how under the elements. Sure. And as the trial court pointed out and correctly noted, there's three elements for 1701. First, there's a knowing and willful. Second, obstruction, delay, or retardation of the mail. Of number three, the passage of the mail. Okay? So knowing and willful was the only issue in dispute at the trial. The defendant conceded obstruction and passage of the mail. Okay? Now, with respect to passage of the mail, as I said, the universally accepted definition is that the passage of the mail means from when an envelope, a letter, package intended to be sent is put into the postal stream. An actual piece. Correct. Okay. Correct. But for now, so now I want to make a distinction. That's the proof. I mean, that's the element. But the proof of that doesn't require me to hold a letter and wave it in front of the jury, Your Honor. That's not the standard. You just simply need to show that an object was in the passage of the mail. And as this Court well knows, there's a number of ways to do that. And I like to use the analogy of proving possession, a felon in possession. We don't need to put in physical evidence that there's fingerprints on that gun or even such, you know, you just don't need that physical evidence. There's inferences. There could be testimony. I saw the defendant holding a gun. I knew it was a gun because I saw a bullet come out of it. That's enough. And in that case, Your Honor, you could even uphold a conviction without the actual gun. What's the government's best case on that theory? The government's best case is what's being presented here on appeal, Your Honor. With respect to count three and one, there was actual mail obstructed or delayed. It's not so clear on count one, is it? I mean, there seems to me that there's very little evidence on count one that actual mail was delayed. Lark Stone didn't know and the other. Dickerson said that the mail was mostly to the PO box. So it seems to me that leaves count one kind of shaky. To the contrary, Your Honor, if you look at the excerpts of record, page 187 and 189, it is actually undisputed in this case that mail was actually held that was intended for the tribe. That's an undisputed fact in this case. And that meets the elements here. So just briefly, if you could, count one. What's the evidence that supports count one? What's the evidence that supports count three? Okay. Count one, Lark Stone's testimony that Mr. Caballero submitted a mail hold form, page 187 of the record. Fast forward to page 189 of the record. Lark Stone specifically asked, was actual mail held? That's the question. Yes, it was. And she gave an example of the mail that was held. The tribe came in to pick up that mail, thereby demonstrating the delay, Your Honor, page 191 of the record. That's count one. Count three, we have nine different pieces of evidence and inferences with respect to the PO box. I told you some of those. The admission from counsel. The fact that Caballero told the investigators that he actually diverted mail. And specific to count three, you heard Dickerson testify, you know, the tribe receives government grants and checks. Caballero says, I didn't cash any of those checks. There's a strong inference he's referring to the checks that come to the PO box there. Your Honor, I see that I am out of time. I just have one quick question. Of course. And that's the variance. If you could just address the variance, because your colleague spent a lot of time saying how they were not on proper notice. Thank you, Your Honor. I can address the variance. The standard here is plain error because there's no objection at the trial below. Under the plain error standard, I'll fast forward through the analysis and jump right to the gun. It cannot show substantial prejudice here. The variance would go to two different things in the case. First, the information. There's only three counts. The only basis to differentiate those counts, the unit of prosecution, if you will, is the three different addresses. The government's conceding the second count. So that's gone. So really we're talking about count three, the PO box address for the tribe, and count one, which is the physical address for the casino. Okay? So the question becomes, is there a variance in that the defendant was surprised that mail was diverted from the casino or the tribe? The answer is no. There was no unfair surprise. He had the forms. He knew that mail was diverted from the casino and tribe because he admitted it. His attorney admitted it at the trial. Further, I think this is the most compelling piece of evidence, his case-in-chief, the defendant's case-in-chief, which he's not obligated to put on, focused almost exclusively on count one, Hon Pai Road, which is the mail hold form, Your Honor. And the last piece of the substantial prejudice inquiry, and I'm sorry for speaking fast here, the last piece of that inquiry is whether or not the defendant's trial prep was prejudiced. In this case, it would be turning the rule on its head to find substantial prejudice because the defendant's case was bolstered by the mail hold form, to the extent you find that count one was a variance to the extent that the form wasn't a change of address, but it was a mail hold form. The reason it was bolstered is because the defendant's defense at trial, which should be the starting point here, was that I didn't have the requisite intent. I concede possible delay. I concede passage of the mail. I didn't have the requisite intent. That was his position in his trial brief, his position with his witness at trial. It was also explicitly his positioning in the closing. So, Your Honor, there cannot be substantial prejudice here. In fact, it helped the defendant's case. And just to conclude, Your Honor, I just would ask this Court to focus on the realities of what happened at trial before the magistrate judge. He was told passage of the mail was not an issue in this case. Now the defendant's entire appeal focuses on passage of the mail. Thank you, Your Honor. Thank you, counsel. Mr. Schwartz or Schultz, excuse me. You have a minute reserved, and we let the government go two and a half minutes over, so you get three and a half minutes. Thank you, Your Honor. And perhaps the deputy clerk would reset the clock to three and a half minutes. Three-thirty. Great. It's okay. We'll leave it at three or at four. That's close enough. Go ahead, counsel. Your Honors, I'd like to focus a little bit on the sufficiency of evidence discussion. And I believe Your Honor made an excellent point in how exactly is the standard that the government has assumed for argument applied in this instance. 1701, as argued in the opening brief, requires the obstruction of an actual piece of mail through some form of measurable delay. In this instance, that means that the items alleged in each of the counts have to be specifically identifiable. Now, they don't have to necessarily be entered into evidence. That is entirely true. But they have to be specifically identifiable and associated with the charged passage of mail. That means that each address being alleged represents a distinct and separate passage of mail, because passage of mail is defined by the point at which it enters and exits the postal street. Well, what about the point that your counsel conceded the passage of the mail made by your opposing counsel? Your Honor, if the record is looked at closely, what Mr. Wiseman did at the trial court level was focus the court's attention. He said, I believe the government has placed plenty of evidence into the record. I think he said ample evidence into the record regarding passage of the mail and focused instead on specifically what was required in the terms of intent. That sounds pretty much like a concession to me. That's only if Mr. Wiseman has assumed to have accepted the court's interpretation of what was required under 1701. The 1701 interpretation that was being used by the judge in that instance wasn't the 1701 interpretation being used by this court following the government's assumption. The 1701 interpretation applied by the court below merely required the obstruction of mail as a general process. As a matter of fact, the government argued in closing that the mere submission of a mail hold form, even if not targeted in the address that exists or not, was a general process and subsequently displayed the mail as a general concept. If that understanding of 1701 was accepted at the trial court level, then arguing over the evidence would have been insufficient and detrimental to Mr. Caballero. However, at this point, given the government's assumption that the interpretation of 1701 is proper, the application of this new argument is completely proper. Because at no point has Mr. Wiseman conceded or Mr. Caballero conceded that the mail was met at the trial. The core issue is the rather confusing and seemingly backwards concern that Mr. Caballero had mail in his possession, but it is impossible by looking at the record to determine where that mail came from or who it belonged to. It either came from the Han Pai address or from the P.O. Box address, but no evidence was submitted to determine which address it came from. There is no way to go back in time and presume that one piece came from each address and subsequently convict him of both counts. Subsequently, it is also mere speculation to presume that the mail came from just one address or just the other, and thus the record does not support a conviction on either count. Mr. Caballero did indeed have mail in his possession. However, the failure of the investigatory agency to retrieve or identify where that mail came from mean that the government's counts it's charged have not been proven. There is no way to determine where that mail came from or which address it was identified with, and subsequently neither of the counts has been proven beyond a reasonable doubt. Thank you, Your Honor. Thank you, counsel. The case just argued will be submitted for decision.
judges: Adelman, O'scannlain, Murguia